UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK

---

HILDA SOLIS, Secretary of Labor,    :   Civil Action File
United States Department of Labor,      No. 10-
                                    :
                                        11-1724
    Plaintiff,                      :
  v.
                                    :   **CONSENT JUDGMENT**
                                    :
YOUNG S. JANG, YANGGI PARK, KEVIN PARK, and
HYE SUK JANG, Individually and in their corporate   :
capacities; HOPEWELL PRODUCE, INC dba
HOPEWELL FARMS; YONKERS FARMERS NY, INC., :
dba YONKERS FARMS,
                                    :
    Defendants.

---

Plaintiff, HILDA L. SOLIS, Secretary of Labor, U.S. Department of Labor, has filed her Complaint, and defendants YOUNG S. JANG, YANGGI PARK, KEVIN PARK, HYE SUK JANG; HOPEWELL PRODUCE, INC., d/b/a HOPEWELL FARMS; and YONKERS FARMERS NY, INC., d/b/a YONKERS FARMS, ("the Defendants") appeared by Counsel and, without admitting or denying any of the violations alleged in the complaint, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown, ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of

1

the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

II. (a) Defendants HOPEWELL PRODUCE, INC., d/b/a HOPEWELL FARMS, YONKERS FARMERS NY, INC., d/b/a YONKERS FARMS, YOUNG S. JANG, YANGGI PARK, KEVIN PARK, and HYE SUK JANG, are enjoined and restrained from withholding the payment of $185,000 plus interest ("the Judgment Amount"). The Judgment Amount represents minimum wage and overtime compensation due in the amounts of (1) $109,503.34 for employees at Hopewell Produce Inc. and (2) $75,496.67 for employees at Yonkers Farmers NY, Inc. The interest due is set forth in the Payment Schedules below. The Judgment Amount is due the said employees at these locations as listed separately on Exhibit A to this Consent Judgment.

(b) The Defendants will make payments as required by the Hopewell Payment Schedule and the Yonkers Farmers Payment Schedule set forth below. Defendants will make the payments by certified check and payable to "Wage-Hour, Labor" Wage and Hour Division - Labor. The Defendants will write on all checks submitted under Hopewell Payment Schedule "Case No. 1548046". The Defendants will write on all checks submitted under the Yonkers Farmers Payment Schedule "Case No. 1553342." All checks submitted under both Payment Schedules shall be sent to:

U.S. Department of Labor
Wage and Hour Division
Attn: Deborah Savage
The Curtis Center, Suite 850, West
170 S. Independence Mall West
Philadelphia, PA 19106

(c) <u>The Hopewell Payment Schedule (Hopewell Produce Inc., Case No. 1548046)</u>: the Defendants will make payments under this Schedule in 36 installments as follows:

3

| Due Date | Payments | Amounts | Interest | Total |
|---|---|---|---|---|
| 01/21/2011 | Initial Payment | $21,900.00 | | $21,900.00 |
| 02/21/2011 | Payment 1 | $2433.43 | $7.27 | $2,440.70 |
| 03/21/2011 | Payment 2 | $2433.43 | $5.23 | $2,438.66 |
| 04/21/2011 | Payment 3 | $2433.43 | $3.21 | $2,436.64 |
| 05/21/2011 | Payment 4 | $2433.43 | $53.93 | $2,487.36 |
| 06/21/2011 | Payment 5 | $2433.43 | $12.34 | $2,445.77 |
| 07/21/2011 | Payment 6 | $2433.43 | $10.31 | $2,443.74 |
| 08/21/2011 | Payment 7 | $2433.43 | $8.28 | $2,441.71 |
| 09/21/2011 | Payment 8 | $2433.43 | $6.25 | $2,439.68 |
| 10/21/2011 | Payment 9 | $2433.43 | $4.23 | $2,437.66 |
| 11/21/2011 | Payment 10 | $2433.43 | $2.20 | $2,435.63 |
| 12/21/2011 | Payment 11 | $2433.43 | $109.77 | $2,543.20 |
| 01/21/2012 | Payment 12 | $2433.43 | $8.11 | $2,441.54 |
| 02/21/2012 | Payment 13 | $2433.43 | $6.08 | $2,439.51 |
| 03/21/2012 | Payment 14 | $2433.43 | $4.05 | $2,437.48 |
| 04/21/2012 | Payment 15 | $2433.43 | $136.92 | $2,570.35 |
| 05/21/2012 | Payment 16 | $2433.43 | $8.99 | $2,442.42 |
| 06/21/2012 | Payment 17 | $2433.43 | $6.96 | $2,440.39 |
| 07/21/2012 | Payment 18 | $2433.43 | $4.93 | $2,438.36 |

| | | | | |
|---|---|---|---|---|
| 08/21/2012 | Payment 19 | $2433.43 | $2.90 | $2,436.33 |
| 09/21/2012 | Payment 20 | $2433.43 | $106.00 | $2,539.43 |
| 10/21/2012 | Payment 21 | $2433.43 | $4.10 | $2,437.53 |
| 11/21/2012 | Payment 22 | $2433.43 | $2.08 | $2,435.51 |
| 12/21/2012 | Payment 23 | $2433.43 | $52.26 | $2,485.69 |
| 01/21/2013 | Payment 24 | $2433.43 | $131.92 | $2,565.35 |
| 02/21/2013 | Payment 25 | $2433.43 | $3.75 | $2,437.18 |
| 03/21/2013 | Payment 26 | $2433.43 | $11.77 | $2,445.20 |
| 04/21/2013 | Payment 27 | $2433.43 | $183.60 | $2,617.03 |
| 05/21/2013 | Payment 28 | $2433.43 | $4.85 | $2,438.28 |
| 06/21/2013 | Payment 29 | $2433.43 | $2.82 | $2,436.25 |
| 07/21/2013 | Payment 30 | $2433.43 | $136.43 | $2,569.86 |
| 08/21/2013 | Payment 31 | $2433.43 | $3.29 | $2,436.72 |
| 09/21/2013 | Payment 32 | $2433.43 | $279.06 | $2,712.49 |
| 10/21/2013 | Payment 33 | $2433.43 | $7.91 | $2,441.34 |
| 11/21/2013 | Payment 34 | $2433.43 | $5.88 | $2,439.31 |
| 12/21/2013 | Payment 35 | $2433.43 | $3.86 | $2,437.29 |
| 01/21/2014 | Payment 36 | $2433.29 | $9.03 | $2,442.32 |
| Totals | | $109,503.34 | $1,350.57 | $110,853.91 |

(d) The Yonkers Farmers Payment Schedule (Yonkers Farmers, NY, Inc., Case No. 1553342): the Defendants will make payments under this Schedule in 36 installments as follows:

5

03/24/2011 18:10 FAX 6462643660   REGION #2                             008/012
Case 7:11-cv-01724-JFM   Document 4   Filed 04/01/11   Page 6 of 10

| Due Date | Payments | Amounts | Interest | Total |
|---|---|---|---|---|
| 01/21/2011 | Initial Payment | $15,100.00 | | $15,100.00 |
| 02/21/2011 | Payment 1 | $1,677.69 | $5.09 | $1,682.78 |
| 03/21/2011 | Payment 2 | $1,677.69 | $3.69 | $1,681.38 |
| 04/21/2011 | Payment 3 | $1,677.69 | $2.29 | $1,679.98 |
| 05/21/2011 | Payment 4 | $1,677.69 | $44.09 | $1,721.78 |
| 06/21/2011 | Payment 5 | $1,677.69 | $10.30 | $1,687.99 |
| 07/21/2011 | Payment 6 | $1,677.69 | $8.90 | $1,686.59 |
| 08/21/2011 | Payment 7 | $1,677.69 | $7.50 | $1,685.19 |
| 09/21/2011 | Payment 8 | $1,677.69 | $6.10 | $1,683.79 |
| 10/21/2011 | Payment 9 | $1,677.69 | $4.70 | $1,682.39 |
| 11/21/2011 | Payment 10 | $1,677.69 | $3.31 | $1,681.00 |
| 12/21/2011 | Payment 11 | $1,677.69 | $1.91 | $1,679.60 |
| 01/21/2012 | Payment 12 | $1,677.69 | $25.66 | $1,703.35 |
| 02/21/2012 | Payment 13 | $1,677.69 | $110.75 | $1,788.44 |
| 03/21/2012 | Payment 14 | $1,677.69 | $8.24 | $1,685.93 |
| 04/21/2012 | Payment 15 | $1,677.69 | $6.84 | $1,684.53 |
| 05/21/2012 | Payment 16 | $1,677.69 | $5.44 | $1,683.13 |
| 06/21/2012 | Payment 17 | $1,677.69 | $4.04 | $1,681.73 |
| 07/21/2012 | Payment 18 | $1,677.69 | $2.64 | $1,680.33 |

| Date | Payment | | | |
|---|---|---|---|---|
| 08/21/2012 | Payment 19 | $1,677.69 | $176.36 | $1,854.05 |
| 09/21/2012 | Payment 20 | $1,677.69 | $9.06 | $1,686.75 |
| 10/21/2012 | Payment 21 | $1,677.69 | $7.67 | $1,685.36 |
| 11/21/2012 | Payment 22 | $1,677.69 | $6.27 | $1,683.96 |
| 12/21/2012 | Payment 23 | $1,677.69 | $4.87 | $1,682.56 |
| 01/21/2013 | Payment 24 | $1,677.69 | $3.47 | $1,681.16 |
| 02/21/2013 | Payment 25 | $1,677.69 | $2.07 | $1,679.76 |
| 03/21/2013 | Payment 26 | $1,677.69 | $161.74 | $1,839.43 |
| 04/21/2013 | Payment 27 | $1,677.69 | $5.47 | $1,683.16 |
| 05/21/2013 | Payment 28 | $1,677.69 | $4.07 | $1,681.76 |
| 06/21/2013 | Payment 29 | $1,677.69 | $2.68 | $1,680.37 |
| 07/21/2013 | Payment 30 | $1,677.69 | $185.20 | $1,862.89 |
| 08/21/2013 | Payment 31 | $1,677.69 | $6.01 | $1,683.70 |
| 09/21/2013 | Payment 32 | $1,677.69 | $4.61 | $1,682.30 |
| 10/21/2013 | Payment 33 | $1,677.69 | $3.21 | $1,680.90 |
| 11/21/2013 | Payment 34 | $1,677.69 | $1.82 | $1,679.51 |
| 12/21/2013 | Payment 35 | $1,677.69 | $83.64 | $1,761.33 |
| 01/21/2014 | Payment 36 | $1,677.52 | $1.40 | $1,678.92 |
| Totals | | $75,496.67 | $931.11 | $76,427.78 |

III. Defendants will sent a copy of each check simultaneously to **US Department of Labor, Wage & Hour Division, 140 Grand Street, Room 304, White Plains, NY 10601, Attn: Assistant District Director Sonia Rybak.**

IV. In the event that any one installment payment is not made within 10 days of the due date as set forth above, all remaining installment payments become due immediately.

V. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

VI. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees as indicated on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VII. Defendants shall provide to plaintiff the last known addresses and social security numbers of the defendants' employees and former employees to be paid.

VIII. If the Defendants fail to make the payments as set forth above, upon notice to the defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

    A. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

B. All the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

C. If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

D. The Receiver shall have full authority that, in the discretion of the Court, shall be necessary and permissible only to effectuate all of the terms of this Consent Judgment.

IX. Defendants shall orally inform all their employees of the employees' rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The Defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday. The Defendants will comply with this Paragraph by communicating with their employees in English, Spanish, or if necessary, in the employees' native language or any language reasonably understood by the said employees.

X. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after April 5, 2010.

XI. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

_____
UNITED STATES DISTRICT JUDGE

DATED:
    New York, New York

Defendants have appeared by counsel and consent to the entry of this Judgment.

_____
YOUNG S. JANG, Individually

_____
YANGGI PARK, Individually

_____
KEVIN PARK, Individually

_____
HYE SUK JANG, Individually

HOPEWELL PRODUCE, INC d/b/a Hopewell Farms

By: _____
YANGGI PARK

YONKERS FARMERS NY INC. d/b/a Yonkers Farms

By: _____
YOUNG S. JANG

_____
Attorney for Defendants